**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **ROBERT J. BAGGETT, INC., and BRENDA FINLAY, individually and as the Personal Representative of the Estate of Troy Eugene Finlay,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**TRAVELERS CASUALTY AND SURETY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Travelers Casualty and Surety Company ("Travelers"), for its Complaint for Declaratory Judgment, alleges as follows:

## NATURE OF ACTION

1. This is a declaratory judgment action in which Travelers seeks a declaration regarding insurance coverage for Robert J. Baggett Inc. ("Baggett") in connection with claims brought by Brenda Finlay, individually and as the Personal Representative of the Estate of Troy Eugene Finlay, ("Finlay") against Baggett in the underlying lawsuit styled *Brenda Finlay v. Brim Construction Group, Inc., et al.*, Case No. CV-2025-900399.00, pending in the Circuit Court of Mobile County, Alabama (the "underlying lawsuit"). A copy of Finlay's Amended Complaint filed in the underlying lawsuit is attached hereto as **Exhibit "A."**

## PARTIES

2. Travelers Casualty and Surety Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

3. Robert J. Baggett, Inc. is an Alabama corporation with its principal place of business in Mobile, Alabama.

4. Brenda Finlay is an individual resident domiciled in Mobile, Alabama. In addition, before his death, Troy Finlay was an individual resident citizen of the State of Alabama and was domiciled in Mobile, Alabama. Therefore, as the Personal Representative of Troy Finlay's estate, Brenda Finlay is deemed to be a resident citizen domiciled in the State of Alabama. Travelers is not seeking any relief against Finlay other than to bind her by the judgment in this action.

## JURISDICTION AND VENUE

5. An actual justiciable controversy exists among the parties pursuant to the United States Constitution and 28 U.S.C. § 2201 regarding the insurance coverage afforded to Baggett for Finlay's claims in the underlying lawsuit. Further, while the underlying lawsuit remains pending, the duty to indemnify owed by Travelers is a justiciable controversy that is ripe for adjudication.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Travelers is a citizen of Connecticut, while the defendants are citizens of Alabama, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

7. Venue is proper in this Court because a substantial part of the events or omissions giving rise to Travelers' claim occurred in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### THE UNDERLYING LAWSUIT:

8. In the underlying lawsuit, Finlay alleges that her decedent, Troy Finlay, was injured and ultimately died because of exposure to asbestos and asbestos-containing products for which

Baggett is liable from 1978 until 2001 ("the Exposure Period") in the course of his employment at Scott Paper Company in Mobile County, Alabama. (Exhibit "A" at p. 2).

9. In the underlying lawsuit, Finlay alleges that Troy Finlay "was diagnosed via immunohistochemical staining/testing with mesothelioma on February 12, 2025 and that Mr. Finlay died as a result of his mesothelioma on April 10, 2025." (Exhibit "A" at p. 2).

10. In the underlying lawsuit, Finlay further alleges that "[d]uring the course of his employment with Scott Paper Company, Plaintiff worked around workers, including contractors and subcontractors, removing and disturbing asbestos-containing products while working on the premises of Scott Paper Company in Mobile, Alabama. These workers used, replaced, removed, disturbed, specified for use, and/or installed asbestos-containing materials." (Exhibit "A" at p. 2).

11. In the underlying lawsuit, Finlay also alleges that "Mr. Finlay did not and could not know that he would suffer an injury from his exposure to asbestos-containing products, which began in 1978/1979, until January of 2025, when he was informed he had malignant mesothelioma." (Exhibit "A" at p. 2).

12. Finlay identifies Baggett as a "Contractor Defendant" in the underlying lawsuit, which Finlay defines as follows:

> The term "Contractor Defendant" refers to each and every one of those defendants which distributed, sold and/or placed into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos containing products and/or materials produced or manufactured by others. In addition, these Contractor Defendants used, replaced, removed, disturbed, produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce asbestos-containing products. The "Contractor Defendants" are also referred to simply as "Defendants."

(Exhibit "A" at ¶¶ 2-3).

13. Travelers is presently defending Baggett for Finlay's claims in the underlying lawsuit, subject to a reservation of rights. A true and correct copy of Travelers' reservation of rights correspondence is attached hereto as Exhibit **"B"**). [1]

**THE SUBJECT POLICIES:**

14. Travelers, formerly known as The Aetna Casualty and Surety Company, issued primary Comprehensive General Liability Insurance policies to Baggett during the period from June 30, 1985 until June 30, 1994[2] as set forth below:

| | **Policy Number** | **Effective Dates** | **Issuing Company** |
|---|---|---|---|
| 1. | 76 GL 594863 CCA | 06/30/1985-06/30/1986 | The Aetna Casualty and Surety Company |
| 2. | 76 GL 658964 CCA | 06/30/1986-06/30/1987 | The Aetna Casualty and Surety Company |
| 3. | 76 CO 1285637 CCA | 06/30/1987-06/30/1988 | The Aetna Casualty and Surety Company |
| 4. | 76 CO 5026621 CCA | 06/30/1988-06/30/1989 | The Aetna Casualty and Surety Company |
| 5. | 76 CO 5594284 CCA | 06/30/1989-06/30/1990 | The Aetna Casualty and Surety Company |
| 6. | 76 CO 5597721 CCA | 06/30/1990-06/30/1991 | The Aetna Casualty and Surety Company |
| 7. | 76 CO 5599141 CCA | 06/30/1991-06/30/1992 | The Aetna Casualty and Surety Company |
| 8. | 76 CO 5599686 CCA | 06/30/1992-06/30/1993 | The Aetna Casualty and Surety Company |
| 9. | 76 CO 6056040 CCA | 06/30/1993-06/30/1994 | The Aetna Casualty and Surety Company |

15. Policies **1** and **2** contain the following Comprehensive General Liability Insurance form, CC-5295 Ed. 8-74, which states in pertinent part:

---

[1] Travelers continues to reserve its rights as set forth in its reservation-of-rights correspondence and nothing herein should be deemed a waiver of those rights or defenses.

[2] The Aetna Casualty and Surety Company was renamed Travelers Casualty and Surety Company following its 1996 acquisition by Travelers Property Casualty Corp.

**I. BODILY INJURY LIABILITY COVERAGE**
**PROPERTY DAMAGE LIABILITY COVERAGE**

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

**bodily injury** or
**property damage**

to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlement.

16. Policies **3** through **9** contain editions CC 566B 8-83 and CL001 1-86 of the Commercial General Liability Coverage Forms – Contractors, which contain the following substantively similar language, in pertinent part:

**SECTION I – COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. INSURING AGREEMENT**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS, COVERAGES A and B. This insurance applies only to "bodily injury" and "property damage" which occurs during the policy period. The "bodily injury" or "property damage" must be caused by an "occurrence." The "occurrence" must take place in the "coverage territory." We will have the right and duty to defend any "suit" seeking those damages. BUT:

**i.** The amount we will pay for damages is limited as described in SECTION III – LIMITS OF INSURANCE;

**ii.** We may investigate and settle any claim or "suit" at our discretion; and

**iii.** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or

settlements under Coverages A or B or medical expenses under Coverage C

**b.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury"

. . .

17. In addition to the primary Commercial General Liability policies (Policies **1 – 9**) listed above, Travelers issued the following Commercial Excess Liability Insurance Policies to Baggett:

| | **Policy Number** | **Effective Dates** | **Issuing Company** |
|---|---|---|---|
| 10. | 76 XS 368533 WCA | 09/05/1985-06/30/1986 | The Aetna Casualty and Surety Company |
| 11. | 76 XS 431930 WCA | 06/30/1986-06/30/1987 | The Aetna Casualty and Surety Company |
| 12. | 76 XS 512319 WCA | 06/30/1987-06/30/1988 | The Aetna Casualty and Surety Company |
| 13. | 76 XS 521981 WCA | 06/30/1988-06/30/1989 | The Aetna Casualty and Surety Company |
| 14. | 76 XS 571984 WCA | 06/30/1989-06/30/1990 | The Aetna Casualty and Surety Company |
| 15. | 76 XS 634398 WCA | 06/30/1990-06/30/1991 | The Aetna Casualty and Surety Company |
| 16. | 76 XS 634432 WCA | 06/30/1991-06/30/1992 | The Aetna Casualty and Surety Company |
| 17. | 76 XS 634446 WCA | 06/30/1992-06/30/1993 | The Aetna Casualty and Surety Company |
| 18. | 76 XS 634456 WCA | 06/30/1993-06/30/1994 | The Aetna Casualty and Surety Company |

18. Policies **12** through **18** contain the Commercial Excess Liability (Umbrella) Insurance form, UM001 ED. 01-86, which state in pertinent part:

**SECTION 1 – COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; and COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY.**

**1. INSURING AGREEMENT**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured becomes legally obligated to pay as damages because of "bodily injury",

"property damage", "personal injury", or "advertising injury" to which this insurance applies. This insurance applies only to:

**(1)** "Bodily Injury" or "property damage":

**(a)** Occurring during the policy period; and

**(b)** Caused by an "occurrence"; and

**(2)** "Personal injury" or "advertising injury" caused by an "offense" committed during the policy period.

**b.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

. . .

19. Policies **10** and **11** contain substantively similar language as the above Insuring Agreements in Policies **12** through **18**.

20. No other policies issued by Travelers or its affiliates provide insurance coverage for Finlay's claims against Baggett.

21. Travelers issued and delivered the primary Comprehensive General Liability Policies and the Commercial Excess Liability Policies to Baggett in the State of Alabama.

22. Therefore, based on Alabama's choice-of-law rules, Alabama law applies to the interpretation of the Policy and the coverage issues in the present case.

**COUNT I – DECLARATORY JUDGMENT LIMITING TRAVELERS' COVERAGE TO TIME ON RISK**

23. Travelers reasserts the allegations set forth in the previous paragraphs above as if set forth herein their entirety.

24. In interpreting policy language identical or similar to that contained in the policies issued by Travelers to Baggett, Alabama law imposes an "exposure rule" for progressive asbestos-related diseases like mesothelioma, under which insurance coverage is allocated pursuant to an insurer's *pro rata* time-on-the-risk during the period in which a claimant is exposed to asbestos.

25. Under Alabama's exposure rule, Travelers duty-to-defend and/or indemnify Baggett for the underlying Finlay lawsuit must be allocated based on Travelers *pro rata* share of the Exposure Period.

26. Finlay alleges that the Exposure Period for Troy Finlay was 1978 until 2001.

27. The policy periods for Commercial General Liability Policies **1** through **9** run consecutively from June 30, 1985 to June 30, 1994.

28. The policy periods for Commercial Excess Liability Policies **10** through **18** run consecutively from September 5, 1985 to June 30, 1994.

29. Travelers provided no insurance coverage to Baggett for the claims made in the underlying Finlay lawsuit for alleged asbestos exposure during the periods 1978 through June 29, 1985 and then from July 1, 1994 through 2001 (or any later date).

30. Therefore, any insurance coverage under Policies **1** through **9** and **10** through **18** for Baggett for the claims in the underlying lawsuit must be allocated pursuant to Travelers' *pro rata* time-on-the-risk.

**PRAYER FOR RELIEF**

Wherefore, Travelers respectfully requests the following relief:

1. That this Honorable Court order, adjudge, and decree that this is the proper case for the relief sought herein and that there is a *bona fide* controversy between the parties as to their legal rights, status, and liabilities.

2. That the process of this Honorable Court be issued to Defendants as provided by law and the rules of this Court and that Defendants be ordered to respond to this Complaint within the time prescribed by law or in the event of failure to do so, suffer a decree *pro confesso*.

3. That this Honorable Court will declare the rights, status, and legal relations of Travelers and Baggett under the policies identified herein.

4. That this Honorable Court order, adjudge, declare, and decree that Travelers' obligations, if any, to defend or indemnify Baggett under Policies **1** through **9** or Policies **10** through **18** for Finlay's claims in the underlying lawsuit are limited to Travelers' *pro rata* share of asbestos exposure that occurred during the applicable Travelers policy periods, and that Travelers owes coverage, if at all, only for its *pro rata* time-on-the-risk during the Exposure Period.

5. For such other and further relief to which Travelers may be entitled, or as this Court may deem just and appropriate.

Respectfully submitted,

s/ *Joel S. Isenberg*

Joel S. Isenberg (ASB-8855-N76J)
Kyle W. Swearengen (ASB-1601-W88C)
Wade C. Merritt (ASB- 9485-A49M)
Counsel for Travelers Casualty and Surety Company

**OF COUNSEL:**
PORTERFIELD, HARPER, MILLS,
MOTLOW & IRELAND, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
(205) 980-5000 / (205) 980-5001 Fax
jsi@phm-law.com
kws@phm-law.com
wcm@phm-law.com